IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| KELLY RETCHER,<br><br>   Plaintiff,<br><br>v.<br><br>GRAINGER COMPANIES, INC.,<br><br>   Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Kelly Retcher ("Plaintiff" or "Ms. Retcher"), by and through undersigned counsel, and files her Complaint for Damages against Defendant Grainger Companies, Inc., ("Defendant"), and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages for Defendant's violation of her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343.

3.

Defendant does business in this judicial district. Additionally, the unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

During the relevant time period, July 22, 2020, through September 18, 2020, Plaintiff was employed by Defendant.

6.

Defendant is licensed to conduct business in this district.

7.

Defendant employed Plaintiff during the relevant time period.

8.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

9.

Defendant is now and, at all times relevant hereto, has been engaged in an industry affecting commerce. During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

10.

Defendant may be served with process by delivering a copy of the summons and complaint to its corporate Registered Agent, William L. Grainger, located at 1596 Chatham Parkway, Garden City, Georgia 31408, Chatham County.

**ADMINISTRATIVE PROCEDURES**

11.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on or about November 25, 2020 (Charge No. 410-2021-01409).

12.

The EEOC issued the "Notice of Right to Sue" on the first Charge on January 8, 2021.

13.

This action is being commenced within ninety (90) days of receipt of the Notice.

## FACTUAL ALLEGATIONS

14.

Ms. Retcher began working for Defendant on or about July 22, 2020, as a Service Advisor.

15.

As soon as Ms. Retcher began working for Defendant, her manager and Service Manager, Mr. Kai Collins, began to refer to her as "Sir."

16.

Ms. Retcher is a female and identifies as lesbian.

17.

Mr. Collins knew that Ms. Retcher identified as a lesbian.

18.

No other woman at Grainger Companies, Inc. was being referred to as "Sir."

19.

One advisor, Cameron Vaughan, was familiar with Mr. Collins and others referring to Ms. Retcher as "sir" and knew that she was upset about it.

20.

Mr. Collins openly treated Ms. Retcher as a male in front of customers.

21.

On or around September 10, 2020, Mr. Collins told Ms. Retcher that she needed to wear a button-down shirt with a tie, if she did not wear a Grainger shirt.

22.

The female dress code is a uniform shirt untucked or business casual.

23.

Ms. Retcher reminded Mr. Collins that she was wearing a collared button-down shirt, which was appropriate for female employees.

24.

Mr. Collins then said he had an issue with the shirt being untucked.

25.

Ms. Retcher stated that none of the other females tuck in their shirts and that she was wearing a collared button-down shirt.

26.

Mr. Collins then stated "Well that's females."

27.

Ms. Retcher responded, "I am female."

28.

On or around September 11, 2020, a service technician, Mr. Aric Green, approached Ms. Retcher and stated that he heard the HR manager's wife, Ms. Kristen Wigley, say that Ms. Retcher was going to make this a "gay" issue.

29.

On Monday, September 14, 2020, Ms. Retcher met with Mr. Mark Grainger and Human Resources manager, Mr. Brandon Wigley.

30.

Ms. Retcher complained that she was being discriminated against because of her gender and sexual orientation, and specifically complained that Mr. Collins was repeatedly calling her "Sir" and took issue with her wearing the female employees' uniform.

31.

In response to Ms. Retcher's complaint, Mr. Grainger stated, "You're a big girl. If you are insulted by something, go confront them yourself. I am offended that

you are bringing this up to me."

32.

During the meeting when Ms. Retcher complained about the discrimination and the emotional effect it was having on her, Mr. Grainger told her to take some time off.

33.

Ms. Retcher took two days off and her scheduled day off for a total of three days off.

34.

When she returned to work, on Friday, September 18, 2020, Ms. Retcher was told to come in for a meeting with Mr. Grainger and Mr. Wigley for a follow up conversation to her complaint on Monday, September 14, 2020.

35.

Mr. Grainger stated that he heard rumors that Ms. Retcher was looking for a new job.

36.

Mr. Grainger then terminated Ms. Retcher, effective immediately.

37.

Mr. Grainger told Ms. Retcher she was terminated because she was looking

for a new job.

38.

On or about September 21, 2021, on its separation paperwork to the Department of Labor, Defendant shifted reasons and purported that the termination was due to Ms. Retcher's absences.

39.

Defendant terminated Plaintiff because of her gender and/or because she engaged in protected activity.

40.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

41.

Others outside the Plaintiff's protected class, i.e. employees who were not women or lesbian and had not complained of discrimination and retaliation, were treated differently.

## CLAIMS FOR RELIEF

### COUNT I: GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

42.

Plaintiff re-alleges paragraphs 14-41 as if set forth fully herein.

43.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her sex and sexual orientation in violation of Title VII.

44.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

45.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunities and has otherwise adversely affected her status as an employee because of her sex.

46.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

47.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT II: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

48.

Plaintiff re-alleges paragraphs 14-41 as if set forth fully herein.

49.

Defendant's actions, as detailed above, in retaliating against Plaintiff because of her protected activity (complaining about the gender based/sexual orientation harassment and discrimination to management) constitutes unlawful intentional retaliation in violation of Title VII.

50.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

51.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a)     General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

[SIGNATURE PAGE TO FOLLOW]

Respectfully submitted the 30th day of March, 2021.

                                          **BARRETT & FARAHANY**

                                          s/ *Amanda A. Farahany*
                                          Amanda A. Farahany
                                          Georgia Bar No. 646135
                                          Grace A. Starling
                                          Georgia Bar No. 464958

                                          *Attorneys for Kelly Retcher*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
amanda@justiceatwork.com
grace@justiceatwork.com